IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THOMAS A. GAMEL, SR., et al., | : | |
| Plaintiffs, | : | Case No. 1:10cv015 |
| vs. | : | JUDGE WALTER HERBERT RICE |
| CITY OF CINCINNATI, et al., | : | |
| Defendants. | : | |

DECISION AND ENTRY SUSTAINING PLAINTIFFS' MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION (DOC. #11); PLAINTIFFS' MOTION REQUESTING A RULING ON MOTION TO REMAND AND FOR STATUS CONFERENCE (DOC. #22) OVERRULED AS MOOT; JUDGMENT TO BE ENTERED REMANDING THIS MATTER TO THE HAMILTON COUNTY, OHIO, COMMON PLEAS COURT; TERMINATION ENTRY

This litigation stems from efforts of Defendant City of Cincinnati ("Cincinnati") to require its retirees to pay for part of their post-retirement health insurance benefits. To that end, the Cincinnati City Council adopted Ordinance No. 360-2009, which amends §§ 203-43 and 203-44 of Chapter 203 of the Cincinnati Municipal Code. The Plaintiffs, retirees of Cincinnati, bring this litigation as a putative class action to prevent Cincinnati from reducing their health care benefits.

This is not the first lawsuit between these parties, with which Plaintiffs have sought to prevent the Defendants from implementing Ordinance No. 360-2009. In

Thomas Gamel, et al. v. City of Cincinnati, et al., Case No. 1:09cv927 (S.D.Ohio) ("Gamel I"), the Plaintiffs asserted the same claims against the Defendants which they initially pled in this lawsuit, including claims under the Contract and Due Process Clauses of the United States Constitution.[1] The Plaintiffs voluntarily dismissed Gamel I, in accordance with Rule 41(a)(1) of the Federal Rules of Civil Procedure, after the undersigned had denied their request for a Temporary Restraining Order, seeking to prevent the Ordinance from becoming effective. See Doc. #26 in Case No, 1:09cv927. On that same day, January 12, 2010, the Plaintiffs initiated the present litigation by filing their Complaint in the Hamilton County Court of Common Pleas.[2] See Doc. #2. Two days later, the Defendants removed this litigation on the basis of federal question jurisdiction. See Doc. #1. The Defendants then moved, pursuant to S.D. Ohio Civ. R. 41.1, to reassign this lawsuit to the undersigned. See Doc. #4.[3] Thereafter, Plaintiffs filed their Amended Complaint (Doc. #7), from which they omitted their federal claims arising under the United States Constitution, leaving only state law claims to be litigated.

This matter is now before the Court on the Plaintiffs' Motion to Remand for Lack of Subject Matter Jurisdiction (Doc. #11), wherein Plaintiffs argue both that this Court is without subject matter jurisdiction over this litigation and that this Court should decline to continue to exercise supplemental jurisdiction over their remaining state law claims. As a means of analysis, the Court will set forth its

---

[1]Gamel I was filed on December 23, 2009, during the holidays, and was assigned to the undersigned due to the fact that other judges were not available.

[2]That pleading is quite similar to the Plaintiffs' Complaint in Case No. 1:09cv927.

[3]The present lawsuit had initially been assigned to Judge William Bertelsman.

reasons for concluding that it retains subject matter jurisdiction over this lawsuit, before turning to the question of whether it should continue to exercise such supplemental jurisdiction over Plaintiffs' state law claims.

It is axiomatic that subject matter jurisdiction over a civil action removed to federal court is to be determined at the time of removal and that "subsequent events, 'whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.'" Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 375 (6th Cir. 2007) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 293 (1938)). Thus, in Rockwell International Corp. V. United States, 549 U.S. 457 (2007), the Supreme Court noted that "when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." Id. at 474 n. 6 (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 346, 357 (1988) and St. Paul Mercury Indemnity Co.). See also, Harper v. AutoAlliance International Co., 392 F.3d 195, 210-11 (6th Cir. 2004). Accordingly, this Court concludes that the Plaintiffs did not deprive this Court of subject matter jurisdiction over this litigation, by the filing of their Amended Complaint which omitted their federal law claims, and that, therefore, this Court retains such jurisdiction herein.

The Plaintiffs focus their motion on the question of whether this Court should continue to exercise supplemental jurisdiction over their state law claims, rather than upon the question of whether this retains subject matter jurisdiction herein. In particular, the Plaintiffs rely upon 28 U.S.C. § 1367(c)(3), which provides:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> \*     \*     \*
>
> (3) the district court has dismissed all claims over which it has original jurisdiction ....

Although this Court has not dismissed the Plaintiffs' federal law claims, the claims over which this Court can exercise original jurisdiction, those claims are no longer part of this lawsuit, as a result of Plaintiffs having filed their Amended Complaint (Doc. #7), from which those claims have been omitted. The Plaintiffs point out that, when the claims over which the District Court can exercise original jurisdiction (i.e., the claims arising under federal law) are dismissed, a District Court can only exercise what they refer to and the Sixth Circuit has infrequently referred to as "residual jurisdiction" (i.e., continuing to exercise supplemental jurisdiction over state law claims in the absence of diversity of citizenship). See e.g., Moon v. Harrison Piping Supply, 465 F.3d 719, 728 (6th Cir. 2006).

Putting aside the label utilized by the Plaintiffs, this Court agrees that the dismissal of federal law claims in the early stages of a lawsuit will normally cause the District Court to decline to continue to exercise supplemental jurisdiction over the state law claims. For instance, in Musson Theatrical v. Federal Express Corp., 89 F.3d 1244 (6th Cir. 1996), the Sixth Circuit noted that "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." Id. at 1254-55. Accord Novak v. MetroHealth Medical Center, 503 F.3d 572, 583 (6th Cir. 2007).

Those decisions arose out of instances in which the District Court had dismissed the federal law claims, rather than as a result of a plaintiff accomplishing that end by amending his complaint to exclude the federal law claims previously relied upon to vest original federal question jurisdiction in a federal forum. In Harper v. AutoAlliance, the Sixth Circuit addressed the question of whether a District Court must remand a lawsuit, after the plaintiff has amended his complaint to eliminate the federal law claims. Therein, the plaintiff filed suit in a Michigan state court, asserting claims arising under federal and state law against the defendants, who removed it to federal court. About three months after the case had been removed and the District Court had denied the plaintiff's motion to remand on the basis that not all defendants had joined in the notice of removal, the plaintiff, with the agreement of the defendants, filed an amended complaint, which omitted the plaintiff's claim under federal law. Thereafter, the District Court conducted a scheduling conference, setting deadlines for the completion of discovery and for the filing of dispositive motions, and oversaw discovery, including ruling on a motion to compel discovery. After the completion of discovery, the defendants filed motions for summary judgment on the cut-off date for the filing of such motions. About one week later, the plaintiff moved to remand the matter, arguing for the first time that the filing of the amended complaint had deprived the District Court of subject matter jurisdiction. The District Court overruled the plaintiff's motion to remand and granted the defendants' requests for summary judgment. On appeal, the Sixth Circuit affirmed, initially noting that the question of whether to continue or to decline to continue to exercise supplemental jurisdiction was commended to the discretion of the District Court. 392 F.3d at

211. The Sixth Circuit then discussed the factors which a court must consider when exercising that discretion, writing:

> "'A trial court must balance the interests ... when deciding whether to resolve a pendent state claim on the merits.'" [Landenfeld v. Marion General Hospital, Inc., 994 F.2d 1178, 1182 (6th Cir. 1993)] (quoting Aschinger v. Columbus Showcase Co., 934 F.2d 1402, 1412 (6th Cir. 1991)) (quoting Province v. Cleveland Press Publishing Co., 787 F.2d 1047, 1055 (6th Cir. 1986)). "A district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." Landefeld, 994 F.2d at 1182 (quoting Aschinger, 934 F.2d at 1412). The court also may consider whether the plaintiff has used "manipulative tactics" to defeat removal and secure a state forum, such as "simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988) ("If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support[s] a remand in the case.").

Id. The Harper court noted that the procedural history of that lawsuit was very similar to that of Taylor v. First of Am. Bank-Wayne, 973 F.2d 1284 (6th Cir. 1992), which the Sixth Circuit characterized as follows:

> "Here, the interests of judicial economy and fairness both favored the district court's retention of jurisdiction. First, this case had been on the district court's docket for almost two years. Second, the parties had completed discovery and compiled a voluminous record. Third, plaintiffs' federal claim was not abandoned until the filing of the amended complaint. Fourth, an extensively briefed summary judgment motion was ripe for a ruling by the district court. Thus, as remand could have wasted judicial resources and resulted in additional delay, the district court's discretion was not abused in denying the motion to remand."

392 F.3d at 211 (quoting Taylor, 973 F.2d at 1288). The Harper court also noted that there was an indication of forum manipulation by the plaintiff, given that he had not amended his complaint to delete his federal law claim until after the District Court had denied his request to remand the matter.

- 6 -

Herein, with the exception of forum manipulation or forum shopping, which clearly exists, none of the factors relied upon by the Harper court is present. The Plaintiffs filed their Amended Complaint (Doc. #7) four days after the Defendants had removed this litigation. This Court has not overseen discovery, nor has a potentially dispositive motion for summary judgment been filed. Therefore, this Court concludes that Harper is distinguishable from the present case.[4]

The Plaintiffs have, however, clearly engaged in forum manipulation or shopping. After this Court declined to grant them a Temporary Restraining Order in Gamel I, the Plaintiffs voluntarily dismissed that lawsuit, without prejudice, in accordance with Rule 41(a)(1). The Plaintiffs then re-filed their claims in a new lawsuit in Hamilton County Common Pleas Court, only to have the Defendants once again remove them. As a consequence, the Plaintiffs amended their complaint, to delete their federal claims, and moved to remand, asserting that the claims over which this Court had original jurisdiction had been dismissed. Although the forum shopping by Plaintiffs' counsel may be unprofessional, that factor, alone, is not sufficient to cause this Court to continue to exercise supplemental

---

[4]This Court gained some familiarity with Plaintiffs' claims as a result of having ruled upon their request for a Temporary Restraining Order in Gamel I. However, with that motion, the Plaintiffs focused on their federal law claims (see Doc. #2 in Gamel I, at 8-19), which are no longer at issue in this lawsuit. Indeed, since any future attempt by the Plaintiffs to reassert those claims herein, once remand is accomplished, would invariably result in the Defendants once again removing this lawsuit, this Court is virtually certain that the Plaintiffs' federal claims will not be reasserted herein, given the Plaintiffs' desire to have their dispute with the Defendants resolved in state court. Therefore, because this Court's familiarity with the Plaintiffs' no longer viable federal claims would not foster judicial economy in the resolution of this lawsuit, that familiarity does not cause this Court to conclude that it should continue to exercise supplemental jurisdiction herein.

jurisdiction over Plaintiffs' remaining claims, all of which arise under the law of Ohio. Thus, since retaining jurisdiction herein would not foster judicial economy and would result in this Court needlessly resolving issues of state law, the mere fact that the Plaintiffs engaged in forum shopping is insufficient to cause this Court to exercise its discretion in favor of retaining supplemental jurisdiction.

Based upon the foregoing, the Court sustains the Plaintiffs' Motion to Remand for Lack of Subject Matter Jurisdiction (Doc. #11), to the extent that same is predicted upon the proposition that this Court should decline to continue to exercise supplemental jurisdiction over the Plaintiffs' state law claims.[5] Judgment is to be entered remanding this litigation to the Common Pleas Court of Hamilton County, Ohio.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

May 28, 2010

_____
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record
Hamilton County Common Pleas Court Clerk of Courts Office.

---

[5] Given that the Court has sustained the Plaintiffs' Motion to Remand for lack of Subject Matter Jurisdiction (Doc. #11), it overrules, as moot, Plaintiffs' Motion Requesting a Ruling on Motion to Remand and for Status Conference (Doc. #22).

- 8 -