IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS A. GAMEL, SR., et al.,      :

    Plaintiffs,                :
                                    Case No. 1:10cv015
    vs.                        :
                              JUDGE WALTER HERBERT RICE
CITY OF CINCINNATI, et al.,        :

    Defendants.                :

DECISION AND ENTRY OVERRULING DEFENDANTS' MOTION FOR
STAY PENDING APPEAL (DOC. #26)

This litigation stems from efforts of Defendant City of Cincinnati ("Cincinnati") to require its retirees to pay for part of their post-retirement health insurance benefits. To that end, the Cincinnati City Council adopted Ordinance No. 360-2009, which amends §§ 203-43 and 203-44 of Chapter 203 of the Cincinnati Municipal Code. The Plaintiffs, retirees of Cincinnati, bring this litigation as a putative class action to prevent Cincinnati from reducing their health care benefits.

In its Decision of May 28, 2010, this Court sustained the Plaintiffs' Motion to Remand for Lack of Subject Matter Jurisdiction (Doc. #11). See Doc. #24  In particular, the Court concluded that, while it retained subject matter jurisdiction over Plaintiffs' remaining state law claims, in the form of supplemental jurisdiction, it would decline to continue to exercise that jurisdiction. Id. The Defendants have

filed a Notice of Appeal (Doc. #27),[1] and have requested that this Court stay its Decision pending that appeal.  For reasons which follow, this Court overrules the Defendants' Motion for Stay Pending Appeal (Doc. #26).

In resolving this motion for a stay pending appeal, this Court must balance: "1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent a stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting the stay." Grutter v. Bollinger, 247 F.3d 631, 632 (6th Cir. 2001).  Of course, those four factors are interconnected considerations that must be balanced together, rather than being prerequisites. Coalition to Defend Affirmative Action v. Granholm, 473 F.3d 237, 244 (6th Cir. 2006).

Herein, the Defendants argue that, without a stay, their appellate rights may become moot, given the Plaintiffs' stated goal of seeking preliminary injunctive relief in state court.  The Court will assume for present purposes that the loss of appellate rights constitutes irreparable harm.  Therefore, the second factor favors granting the requested stay.  However, since the other three factors disfavor a stay, the balance of considerations compels this Court to conclude that a stay is not warranted.

---

[1] The decision of a District Court to remand a matter, because it has declined to continue to exercise supplemental jurisdiction over state law claims, is not precluded from appellate review by 28 U.S.C. § 1447, given that it is not a remand for lack of subject matter jurisdiction. Carlsbad Technology, Inc. v. HIF Bio, Inc., — U.S. —, 129 S.Ct. 1862 (2009).

- 3 -

<u>First</u>, the Defendants have not cited a case arising under circumstances similar to those herein, in which the Sixth Circuit or any other appellate court has concluded that a District Court abused its discretion, by declining to continue to exercise supplemental jurisdiction over state law claims, after the federal law claims, over which the court could exercise original jurisdiction, were dismissed shortly after the lawsuit was filed.  Therefore, this Court concludes that the Defendants have failed to show any likelihood of success on the merits of their appeal.

<u>Second</u>, if a stay is granted, Plaintiffs and the class they seek to represent will be harmed, because a stay will prevent Plaintiffs from seeking injunctive relief while this matter is on appeal.  Moreover, that harm would be great and irreparable for any Plaintiff or member of the putative class who cannot afford the amount they will be required to pay for their health care benefits.

<u>Third</u>, the public interest does not favor granting the stay of an order remanding a matter, when there is little likelihood that the order will be reversed on appeal.

Based on the foregoing, the Court overrules Defendants' Motion for Stay Pending Appeal (Doc. #26).


June 3, 2010

                                      /s/ Walter Herbert Rice
                                     WALTER HERBERT RICE, JUDGE
                                     UNITED STATES DISTRICT COURT

- 4 -

Copies to:

Counsel of Record
Hamilton County Common Pleas Court Clerk of Courts Office.

- **4** -